**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| MARY KELLY SUTTON, JOHN HUMISTON, MARY TALLEY BOWDEN, MARK BRODY, RICHARD WILKINSON, PHYSICIANS AND PATIENTS RECLAIMING MEDICINE,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERATION OF STATE MEDICAL BOARDS, INC., KATIE TEMPLETON, KENNETH SIMONS, MEDICAL BOARD OF CALIFORNIA, KIMBERLY KIRCHMEYER, RHODE ISLAND BOARD OF MEDICAL LICENSURE AND DISCIPLINE, NICOLE ALEXANDER-SCOTT, TEXAS MEDICAL BOARD, SHERIF ZAAFRAN, MASSACHUSETTS BOARD OF REGISTRATION IN MEDICINE, JULIAN ROBINSON, NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, ANDREW MERRITT, MEDICAL LICENSING BOARD OF INDIANA, JOHN STROBEL, WASHINGTON MEDICAL COMMISSION, CLAIRE TRESCOTT, CHARITY DEAN,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No.: 4:25-cv-01230-P |

**DEFENDANTS FEDERATION OF STATE MEDICAL BOARDS, INC., KATIE TEMPLETON, AND KENNETH SIMONS'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to Local Rule 7.2(f), the undersigned counsel discloses that artificial intelligence was used in the preparation of this document. All legal and factual citations, quotations, paraphrased assertions, and legal analysis have been independently verified for accuracy by human beings before submission to the Court.

# I. INTRODUCTION

Count II fails as a matter of law. Neither the First Amended Complaint ("FAC") nor the Plaintiffs' response, which only challenges the co-Defendants' Rule 12(b)(2) motions to dismiss, plausibly allege the existence of any conspiracy between the Federation of State Medical Boards, Inc. ("FSMB"), Katie Templeton, Kenneth Simons (collectively with Templeton and FSMB, the "FSMB Defendants"), and any state medical board. Plaintiffs' allegations that the FSMB Defendants engaged in discussions, deliberations, and the development of nonbinding guidance fall far short of pleading a conspiracy to deprive physicians of their constitutional rights and therefore cannot survive a motion to dismiss.

A Section 1983 conspiracy requires an agreement to commit an illegal act and an actual deprivation of constitutional rights. Plaintiffs' pleadings identify no agreement between the Defendant parties—no contract, no directive, no decision-specific communication, no meeting of the minds. The filings use the words "pressured," "encouraged," and "agreed" without evidence of actual conspiratorial acts. Every challenged disciplinary action is the act of an independent state medical board applying its own law through its own process. A nonprofit's own rights to express opinions on matters of public policy, as expressed in this Court's application of the *Noerr-Pennington* doctrine, bars the claim a second time over, because the conduct the FAC describes is public advocacy, nonbinding guidance, and protected petitioning on matters of public policy rather than conspiracy to deprive others of their rights.

Plaintiffs did not respond to Defendants Federation of State Medical Boards, Inc., Katie Templeton, and Kenneth Simons' Motion to Dismiss Plaintiffs' First Amended Complaint, ECF No. 134 (the "FSMB Defendants' MTD "). Their only timely filing opposes the state medical board Defendants' Rule 12(b)(2) motions for lack of personal jurisdiction and says nothing about Count II's sufficiency under Rule 12(b)(6), the conspiracy elements, or *Noerr-Pennington*

immunity. Pls.' Omnibus Resp. to Defs.' Mots. to Dismiss First Am. Compl., ECF Nos. 140, 141. While that silence is not the basis for dismissal without more, the FAC's defects on the merits are. Those defects were identified in the FSMB Defendants' MTD and now stand unanswered. The Court should grant the FSMB Defendants' MTD in its entirety with prejudice.

## II. ARGUMENT

### A. Count II Does Not Plead a Section 1983 Conspiracy Against the FSMB Defendants.

A Section 1983 conspiracy claim requires both "'an agreement between the . . . defendants to commit an illegal act' and 'an actual deprivation of constitutional rights.'" *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Where, as here, the claim is asserted against private parties, Plaintiffs must also plead facts showing that the FSMB Defendants were "'willful participant[s] in joint activity with the State or its agents.'" *Cinel*, 15 F.3d at 1343 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Conclusory assertions do not suffice: a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and allegations that are "no more than conclusions[] are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The FAC pleads neither element. On agreement, it identifies no contract, directive, decision-specific communication, or meeting of the minds. It only states that the FSMB Defendants "pressured," "encouraged," "worked with," or "agreed" with state boards, without saying who agreed with whom, when, where, or to what unlawful object. Br. in Supp. of FSMB Defs.' MTD, ECF No. 135, at 3; *see also id.* at Part IV.A.1. A "'conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.'" *Terwilliger*, 4 F.4th at 285 (quoting *Twombly*, 550 U.S. at 557). On willful joint participation, the FAC concedes that

every action directed towards the Plaintiffs—the complaints, subpoenas, hearings, orders, and reciprocal-discipline decisions—was taken by independent actors and state boards pursuant to violations of their own states' law, and the FSMB Defendants had no role in any disciplinary investigation or proceeding. *See* Br. in Supp. of FSMB Defs.' MTD at Part IV.B. Count II therefore fails at the threshold and the FSMB Defendants' MTD should be granted.

**B. The *Noerr-Pennington* Doctrine Independently Bars Count II.**

Even if Plaintiffs had pleaded a conspiracy—they have not—the FSMB Defendants' advocacy is protected petitioning immune from Section 1983 liability. The Fifth Circuit has held that the *Noerr-Pennington* doctrine "protect[s] first amendment petitioning of the government from claims brought under federal and state laws, including section 1983 . . . ." *Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988). A private party's petitioning "does not constitute action under color of state law"—and so cannot support Section 1983 liability—unless it engaged in a corrupt conspiracy paralleling the *Noerr-Pennington* co-conspirator exception. *See id.* Applying that rule, the Fifth Circuit affirmed dismissal of Section 1983 claims where the defendants' lobbying was not objectively baseless, holding that *Noerr-Pennington* "applies to all genuine lobbying efforts, despite subjective intent." *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 862 (5th Cir. 2000).

That is precisely the situation in this case. The FAC alleges that the FSMB Defendants issued public statements, developed nonbinding guidance, and urged state boards to consider whether physician misinformation implicates professional standards under their own laws. *See* Br. in Supp. of FSMB Defs.' MTD at Part IV.C. It alleges no bribery, no corruption, no control over any board's vote, and no use of process merely to impose delay or expense. *Id*. Petitioning of that kind is protected, and it cannot be converted into Section 1983 liability simply because a disappointed plaintiff disagrees with the guidance or its influence. *See id.*

Plaintiffs' own account of the alleged conspiracy confirms as much. To establish personal jurisdiction over the out-of-state boards, Plaintiffs had every incentive to describe the agreement with precision. Their best effort was this: an "extended series of forum-directed communications by the state medical board Defendants between 2018 and 2022, as ultimately integrated into the FSMB Censorship Policy and ratified by the state medical board Defendants." Pls.' 12(b)(2) Resp., ECF No. 141, at 9. Discussion and deliberation on matters of public interest between members of an association and the creation of a nonbinding advisory policies, which happen to have been adopted by medical boards in varying forms and in varying degrees is the precise conduct *Noerr-Pennington* protects. *See Bayou Fleet*, 234 F.3d at 861–62. Count II fails for this independent reason as to the FSMB Defendants, and thus the FSMB Defendants' MTD should be granted.

**C. Plaintiffs Did Not Oppose the FSMB Defendants' MTD.**

Plaintiffs filed no response to the FSMB Defendants' MTD. After granting two extension requests, the Court set August 14, 2026 as the deadline for responses to the pending motions to dismiss and deemed timely only the pleading Plaintiffs filed on August 12, 2026. *See* Order Denying Mot. for Extension, ECF No. 146, at 1. That pleading addresses only personal jurisdiction of this Court over the defendant state medical boards. It opposes "the state medical board Defendants' Motions to Dismiss . . . under Fed. R. Civ. P. Rule 12(b)(2)," Pls.' Omnibus Resp. to Defs.' Mots. to Dismiss First Am. Compl., ECF No. 140, at 1, and asks only that "the Defendants' motions to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(2) . . . be denied," Pls.' Br. in Supp. of Omnibus Resp., ECF No. 141, at 21. It does not address Count II's sufficiency or *Noerr-Pennington* immunity.

Plaintiffs did not challenge a single element of the FSMB Defendants' MTD—not the absence of an agreement, not the absence of willful joint participation, not *Noerr-Pennington*. The arguments set out above and in the FSMB Defendants' MTD stand in the record unrebutted. Since

the FAC fails to state a claim on the merits, as described above, the FAC should be dismissed in its entirety as to the FSMB Defendants.

### D. Dismissal Should Be with Prejudice.

A district court has discretion to dismiss with prejudice under Rule 12(b)(6) and to deny leave to amend where amendment would be futile. *Foster v. Jesel*, 164 F.4th 401, 405 (5th Cir. 2026). Plaintiffs already amended once in response to the FSMB Defendants' original motion to dismiss the initial Complaint, and rather than add plaintiff-specific conspiracy facts, they dropped their state-actor and direct-deprivation theories and narrowed the pleading to information-and-belief assertions. FSMB Defs.' MTD at Part IV.D. Plaintiffs had the roadmap, the opportunity, and the incentive to plead more. They did not, because they cannot. Permitting amendment would make the courts a forum for Plaintiffs to continue to litigate their opposition to the viewpoint of the FSMB Defendants. The proper forum for discourse on matters of public policy and science is the public arena, not the courts. Where "any potential amendment would be futile," dismissal with prejudice is appropriate. *Foster*, 164 F.4th at 405.

## III. CONCLUSION

For these reasons and those set out in the FSMB Defendants' MTD and brief in support thereof, the FSMB Defendants respectfully request that the Court grant the FSMB Defendants' MTD and dismiss Count II against Federation of State Medical Boards, Inc., Katie Templeton, and Kenneth Simons with prejudice.

DATED: August 21, 2026

Respectfully Submitted,

*/s/ Grant K. Schmidt*

Grant K. Schmidt (Texas Bar No. 24084579)
Hannah Luke (Texas Bar No. 24131898)
WILLKIE FARR & GALLAGHER LLP
2699 Howell Street
Dallas, TX 75204
Telephone: (214) 233-4528 (Schmidt)
Telephone: (214) 233-4596 (Luke)
Facsimile: (214) 233-4596
Email: gschmidt@willkie.com
Email: hluke@willkie.com

Eric M. Fish (*admitted pro hac vice*)
HOOPER, LUNDY & BOOKMAN, P.C.
401 9th Street, NW, Suite 550
Washington, DC 20004
Telephone: (202) 905-2163
Facsimile: (202) 609-8931
Email: efish@hooperlundy.com

Heather M. Romero (*admitted pro hac vice*)
HOOPER, LUNDY & BOOKMAN, P.C.
470 Atlantic Avenue, Suite 1201
Boston, Massachusetts 02210
Telephone: (617) 632-2717
Facsimile: (617) 848-0625
Email: hromero@hooperlundy.com

*Attorneys for Defendants Federation of State Medical Boards, Inc., Katie Templeton, and Kenneth Simons*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of August, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system, which will send a notice of electronic filing to all counsel of record.

*/s/ Grant K. Schmidt*
Grant K. Schmidt